IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-520-BO-BM

CONSTANCE B. CORAM,
        Plaintiff,

v.

BARBARA AYCOCK, FREEMAN
HARDISON, WAYNE AYCOCK,
CHRIS GURLEY, JOE DAUGHTERY,
ANTONIO WILLIAMS, and BEVAN
FOSTER,
        Defendants.

ORDER

This cause comes before the Court on defendants' motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has failed to respond, the time for doing so has expired, and in this posture the motion is ripe for ruling. For the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

Plaintiff initiated this action by filing a complaint in the Superior Court for Wayne County, North Carolina on August 3, 2023. In her complaint, plaintiff alleges that she was sworn in as the duly elected Register of Deeds for Wayne County on December 15, 2020, that the Wayne County government and its agents have prevented plaintiff from being assigned the most experienced and professional assistant register of deeds, that she called on the Senior Resident Superior Court Judge in February 2023 to discuss N.C. Gen. Stat. § 153A-92(3), and that she proceeded to file a *pro se* suit against defendants which was dismissed without prejudice. Plaintiff alleges that the Wayne County government has violated her statutory rights relating to taking the oath of office and appointing an assistant and deputy register of deeds. She further

alleges that defendants have created intolerable conditions and that "she is in the best position to know when people are discriminating against her . . .." Compl. ¶ 8. Plaintiff alleges claims for intentional infliction of emotional distress, defamation, and violations of 42 U.S.C. §§ 1985(2) and 1985(3). [DE 1-2].

On September 25, 2023, defendants removed plaintiff's action to this Court on the basis of its federal question jurisdiction. [DE 1]. Defendants thereafter filed the instant motion to dismiss. Plaintiff, whose complaint was filed by counsel, has failed to notice an appearance in this action either through counsel or *pro se*. She has further failed to respond to the motion to dismiss.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Id*.

Defendants correctly argue that plaintiff has failed to state a claim against them as she has failed to state any fact which would show that any named defendant committed any wrongful act; indeed, plaintiff fails to identify any named defendant within the allegations of her complaint. Plaintiff's complaint further contains only conclusory allegations which fail to

2

plausibly allege that any named defendant is liable for any misconduct. Accordingly, the complaint is appropriately dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss [DE 10] is GRANTED. Plaintiff's complaint is DISMISSED and the clerk is DIRECTED to close this case.

SO ORDERED, this __9__ day of February 2024.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3